The opinion of the Court was delivered by
Mr. Justice Johnson.
The statute of frauds and perjuries provides, “ That no action shall be brought, whereby to charge the defendant, upon any special promise to answer for the debt, default, or miscarriage of another person; unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, &c.” There can be no question, that the consideration of the undertaking in this case, was originally the debt of Nelson, and *114 clearly within the statute,unless the circumstance of crediting Mrs. £attend with the amount, is suffh cient in itself to raise a nev; and aJccmate conrideration. I think it is not; *h¡*?.* he' anew Consideration moving to the party making the' promise from thé party to whom it is made, oí if, confiding in the promise, he discharges the Original debtor, or loses or abandons a security on him which he before had, the undertaking is original and need not be in writing; but if the original debtor continue liable, and the plaintiff suffer no loss or probable injury, there Can be ño new consideration ; it still remains the debt of another* and the promise must be in writing. According to the evidence reported in this case, Nelson continued liable, and the plaintiff had suffered no loss or injury in consequence of her promise;
I am of opinion that the promise is within. the statute, and that the motion ought tó be disfcdssed.
Colcock, Gantt, Cheves, and Noll, J. concurred;